# MEMORANDUM DECISIONS

BRACKEEN v. STATE. (Court of Criminal Appeals of Texas. May 29, 1912.) Appeal from District Court, Delta County; R. L. Porter, Judge. J. F. Brackeen was convicted of incest, and appeals. Affirmed. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was indicted, tried, and convicted of the offense of incest, and his punishment assessed at five years' confinement in the penitentiary. There is no statement of facts and no bills of exception in the record, and under such circumstances, the indictment being in proper form, and the court submitting the offense charged in the indictment, there is nothing we can review. The judgment is affirmed.

PRENDERGAST, J., not sitting.

Ex parte CHAVEZ. (Court of Criminal Appeals of Texas. May 22, 1912.) Appeal from District Court, Bexar County; Edward Dwyer, Judge. Application for habeas corpus to obtain bail by Joe Chavez. From a judgment remanding relator to custody without bail, he appeals. Reversed, and bail fixed as stated. C. M. Chambers, of San Antonio, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Relator, under a charge of murder, was arrested, and resorted to writ of habeas corpus for the purpose of obtaining bail. On hearing, the judge remanded him to custody without bond. Inasmuch as the case may be ultimately tried before a jury, we refrain from a discussion of the evidence. After a review of the testimony, we are of opinion the court erred in refusing relator bail. The judgment is reversed, and bail is granted in the sum of $3,000. Upon entering into bail under the terms of the law in the amount specified, the relator will be released from custody. The judgment is reversed, and bail fixed in the sum of $3,000.

KEY v. FARRIS et al. (Court of Civil Appeals of Texas. San Antonio. May 1, 1912. Rehearing Denied May 29, 1912.) Appeal from District Court, Atascosa County; E. A. Stevens, Judge. Suit to recover land by G. W. Key, administrator, against E. Farris, and the Comfort State Bank intervenes. From judgment for defendant and intervener, plaintiff appeals. Affirmed.

FLY, J. This suit was instituted by appellant, as administrator of the estate of Jane C. Aaron, deceased, against E. Farris, to recover 115 acres of land out of survey 519, being the north part, known as the J. P. McKinney survey. Farris answered by plea of not guilty, and further alleged that he was indebted to some one on a vendor's lien note given by him to F. M. Avent for the sum of $550, and that he was ready to pay the same when the ownership of the note was adjudicated, and alleged that the Comfort State Bank and R. T. Hughes & Co. were asserting claim to the note. Farris paid into court the amount of the note, with interest and attorney's fees. The Comfort State Bank intervened in the case, claiming the money and asking for judgment for the same. The cause was tried without a jury, and resulted in a judgment that the appellant take nothing by his suit, that Farris recover of him the land in question, that the bank recover the amount of the note, interest, and attorney's fees, and have a foreclosure of the vendor's lien on the land. No briefs have been filed by either of the parties to the suit. The following conclusions of fact, omitting immaterial matter, were filed by the trial judge: "F. M. Avent and wife, by their deed of conveyance, conveyed to E. Farris a certain tract of land, * * * reserving therein a vendor's lien to secure the payment of two certain promissory notes given for the purchase money for said tract of land; one of said notes being for $450, and the other for $550, said deed and notes being dated July 1, 1907. F. M. Avent, by an instrument in writing duly recorded in the deed records of Atascosa county, Texas, and dated October 1, 1907, conveyed to his mother-in-law, Jane C. Aaron, 'all my right, title, and interest' in the tract of land theretofore conveyed to said E. Farris, as well as both of said vendor's lien notes. Said F. M. Avent also transferred to said Jane C. Aaron both of said notes by writing indorsed on the back thereof. Some time in October, 1907, after the said transfer of said notes to said Jane C. Aaron, the said E. Farris, in the presence of said Jane C. Aaron, paid to said F. M. Avent the amount due on said note for $450, and the said F. M. Avent received the money and delivered to said E. Farris said note. Afterward, on August 31, 1908, said F. M. Avent executed a written release to said E. Farris, releasing said tract of land from the lien retained in said note. After the said transfer of said notes to said Jane C. Aaron, the said F. M. Avent, the original payee of said notes, transferred said note for $550 to M. Aaron, the son of Jane C. Aaron, by writing indorsed upon a thin sheet of paper pasted over the back of said note. After said transfer of said note for $550 by said F. M. Avent to said M. Aaron, the Comfort State Bank became the purchaser thereof from said M. Aaron, before maturity thereof, paying therefor its face value. That the former transfer of said note to said Jane C. Aaron was concealed by said thin paper pasted upon the back thereof; but a close inspection, when the note was held up to the light, would reveal, through said thin paper, the said former transfer to said Jane C. Aaron. That the cashier of said bank, who acted for said bank in the purchase of said note, did not see said former transfer, and had no knowledge thereof, and supposed that the thin paper was pasted upon the back of said note to preserve it; it being considerably worn. That said M. Aaron presented to said cashier of said bank an abstract of said tract of land with said note, and said abstract did not show said former transfer of said note. E. Farris tendered into court, as alleged in his answer, the whole amount due on said note for $550." The evidence sustains the judgment, and, there being no fundamental error shown by the record, it is affirmed.